UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas

SEP 03 1999

Michael N. Milby
Clerk of Court

----------------------------------------X

IN RE: Request from Mexico Pursuant to the Treaty on Cooperation Between the United Mexican States and the United States of America for Mutual Legal Assistance in the Matter of DANNY LEONARDO GONZALEZ )

No. MISC B-99-32

----------------------------------------X

MEMORANDUM OF LAW IN SUPPORT OF APPLICATION FOR ORDER

The United States is seeking an Order appointing a Commissioner to collect evidence requested by Mexico in its attached Treaty Request made pursuant to the Treaty on Cooperation Between The United Mexican States and the United States of America for Mutual Legal Assistance, 27 I.L.M 443 (1988) (entered in force May 3, 1991) [hereinafter referred to as "the Treaty"]. A treaty constitutes the law of the land. U.S. Const. art. VI. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. Asakura v. City of Seattle, Washington, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. United States v. Erato, 2 F.3d 11, 15-16 (2d Cir. 1993).

The United States and Mexico entered into the Treaty for the purpose of promoting mutual legal cooperation in criminal matters. The Treaty obliges each state to provide assistance to the other in the investigation of crimes and in court proceedings

related to such offenses. Article 1(1) provides that:

> The parties shall cooperate with each other by taking all appropriate measures that they have legal authority to take, in order to provide mutual legal assistance in criminal matters[.] . . .

The Treaty provides for a wide range of assistance, including, among other things, the taking of depositions of witnesses, the production of documentary evidence, the execution of seaches and seizures, and the freezing and forfeiture of assets. Article 1(4); Barr v. U. S. Department of Justice, 645 F. Supp. 235, 237 (E.D.N.Y. 1986), aff'd, 819 F.2d 25 (2d Cir. 1987).

The Treaty contemplates that federal district courts will use compulsory measures to execute Mexican requests. For example, Article 7(1) provides that:

> A person in the requested State whose testimony is requested shall be compelled by subpoena, if necessary, by the competent authority of the requested Party to appear and testify or produce documents, records, and objects in the requested State[.] . . .

The Treaty is self-executing and requires no implementing legislation. Even so, it contains little in the way of a procedural framework for executing requests. Instead, it relies on the existing statutory authority of the federal courts. See Letter of Submittal of Treaty to the President from the Department of State, January 25, 1988. Consequently, federal district courts routinely utilize the "commission" procedure authorized by 28 U.S.C. §1782, the statute governing the provision of assistance for foreign judicial proceedings generally, to fulfill their judicial responsibility of executing



ClibPDF - www.fastio.com

Mexican requests under the Treaty.

1. Appointment of a commissioner

Section 1782 provides in pertinent part that:

> The district court . . . may direct that the testimony or statement [of a person who resides or is found within the district] be given or the document or other thing be produced, before a person appointed by the court.

A federal district court customarily appoints or "commissions" a person ("commissioner") to collect evidence on behalf of the court and authorizes the commissioner to submit the evidence collected to the requesting foreign court or authority. With requests for assistance in criminal matters, a court typically appoints an Assistant United States Attorney as commissioner. However, a court also may commission a foreign authority together with (or in lieu of) an Assistant United States Attorney. See, e.g., In re Letter of Request from the Supreme Court of Hong Kong, 138 F.R.D. 27, 29 (S.D.N.Y. 1991) [hereinafter Hong Kong].

Application to a federal district court for appointment of a commissioner to execute a foreign request for judicial assistance is handled ex parte. In re Letter of Request from the Crown Prosecution Service of the United Kingdom, 870 F.2d 686, 688 (D.C. Cir. 1989); In re Letters Rogatory from the Tokyo District, Tokyo, Japan, 539 F.2d 1216, 1219 (9th Cir. 1976).



ClibPDF - www.fastio.com

2. Establishment of an evidence-collecting procedure

Section 1782 further provides in pertinent part that:

> To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

A federal district court empowers a commissioner to collect the evidence using the procedure prescribed by the court. A court has "complete discretion in prescribing the procedure to be followed." Sen. Rep. No. 1580, 88th Cong., 2d Sess. 1 (1964), reprinted in 1964 U.S. Code Cong. & Admin. News 3782, 3789. When a court's order fails to specify a procedure by which a commissioner is to collect the evidence, the Federal Rules of Civil Procedure apply. In re: Letters Rogatory from the Tokyo District Prosecutor's Office, Tokyo, Japan, 16 F.3d 1016 (9th Cir. 1994); Hong Kong, 138 F.R.D. at 32. However, as Section 1782 makes clear, when a court does specify a procedure other than one in accordance with the Federal Rules of Civil Procedure, the alternative procedure shall apply. In re Letter of Request from the Government of France, 139 F.R.D. 588, 590-591 (S.D.N.Y. 1991).

In executing Mexican requests, the Treaty obligates the courts to provide assistance "to the same extent as in criminal investigations or proceedings in [the United States]." Article 7(1). In other words, the Treaty requires that courts order the use of procedures comparable to those applicable in domestic investigations and prosecutions of criminal matters rather than,



ClibPDF - www.fastio.com

by default, the Federal Rules of Civil Procedure.

a. Commissioner's subpoena

As set forth above, Article 7(1) of the Treaty provides for the issuance of subpoenas to effectuate the gathering of evidence. If a federal district court so orders, a commissioner may use the attached form, entitled "Commissioner's Subpoena", to obtain the requested evidence. See, e.g., United States v. Erato, 2 F.3d 11, 12-13 (2d Cir. 1993) (incorporating in pertinent part the district court's order directing the use of commissioner's subpoenas). The commissioner's subpoena is a creation of neither the Federal Rules of Criminal Procedure nor the Federal Rules of Civil Procedure, but is an order of the court for the production of evidence in accordance with both the Treaty and Section 1782. See Article 31(2); 28 U.S.C. 1651. Upon authorization by a court, a commissioner may issue such commissioner's subpoenas as are necessary to execute the request.

b. Notice of evidence taking

Because Article 7(1) requires a use of compulsory process in the execution of Mexican requests comparable or similar to that in domestic criminal investigations or prosecutions, commissioner subpoenas issued in execution of Mexican requests should require no notice to any person other than the recipients. Inasmuch as grand jury and criminal trial subpoenas are issued without notice to other than the recipients (i.e., no notice to targets, defendants, or third parties), a federal district court should authorize a commissioner to collect the evidence requested



ClibPDF - www.fastio.com

without notice to any party other than the recipient of the commissioner's subpoena except to the extent that a Mexican request asks for specific notice procedures.[7]

3. The Present Request

The instant Treaty Request has been made by the Procuraduria General de la Republica, the Central Authority for Mexico under Article 2(1) of the Treaty, in connection with a current criminal [investigation or proceeding] by [identify the requesting authority (e.g., Magistrate [name], in [location], Mexico)]. [Identify investigating or prosecuting authority] is [briefly set forth the facts relating to the investigation or prosecution] and has asked for assistance in obtaining [name items requested].

Accordingly, to execute this request, the government moves this Court to issue the attached Order appointing Assistant United States Attorney [name] as Commissioner, authorizing [him/her] to take the actions necessary, including the issuance

---

[7] Historically, United States authorities have executed requests for judicial assistance in criminal matters without notification to actual or potential targets of investigations, or even to parties in proceedings, in order to protect against compromising foreign investigations and proceedings. Moreover, United States authorities customarily rely on the requesting courts and authorities to provide such notice directly to the relevant parties as foreign law requires. Finally, requesting courts and authorities routinely request that United States executing authorities follow particular, stated notice procedures when such procedures are necessary or useful under the foreign law or practice. For example, foreign requests frequently ask (1) that a person to be interviewed (generally a defendant or suspect) be given notice of applicable testimonial privileges (e.g., against self-incrimination) at the time of the interview and (2) that a defendant and defense counsel be permitted to be present during the taking of testimony of a witness and be given sufficient notice to make arrangements.



ClibPDF - www.fastio.com

of Commissioner's subpoenas, to obtain the evidence requested, and to adopt such procedures in receipt of the evidence as are consistent with the intended use thereof in Mexico.

Respectfully submitted,

MERVYN M. MOSBACKER
UNITED STATES ATTORNEY

By: ______________________
Mark M. Dowd
Assistant United States Attorney



ClibPDF - www.fastio.com

FORMA CG - 1 A



PROCURADURÍA GENERAL DE LA REPÚBLICA

**SUBPROCURADURÍA JURÍDICA Y DE ASUNTOS INTERNACIONALES DIRECCIÓN GENERAL DE ASUNTOS LEGALES INTERNACIONALES DIRECCIÓN DE ASISTENCIA JURÍDICA INTERNACIONAL EXP. AJM/081/98. OFICIO DGALI/** 315/99

México, D.F. 20 de enero de 1999.

**SR. JONH E. HARRIS,**
**DIRECTOR DE ASUNTOS INTERNACIONALES DEL DEPARTAMENTO DE JUSTICIA DE LOS ESTADOS UNIDOS DE AMÉRICA.**
**WASHINGTON, D.C.**

Hago de su conocimiento que esta Dirección General de Asuntos Legales Internacionales requiere la asistencia jurídica del Departamento de Justicia de los Estados Unidos de América, en atención a una petición de apoyo formulada por el Primer Agente del Ministerio Público de la Federación del Procedimiento Penal de la Unidad II en Tampico, Tamaulipas. Dicha petición tiene por objeto que se tome la declaración ministerial del señor **DANNY GONZÁLEZ o DANNY LEONARDO GONZÁLEZ,** quien tiene su domicilio en 1755 Old Creek, Brownsville, Texas, E.U.A.

La asistencia que se requiere es de gran importancia para que las constancias que se deriven de la misma, sean aportadas a la averiguación previa T-327/97-II, instruida en contra de la persona antes citada por su probable responsabilidad en la comisión del delito de **Contrabando**.

Los antecedentes que motivan esta solicitud, nos fueron proporcionados por la Representación Social Federal y son los que a continuación se relatan :

## HECHOS

A través del oficio número 325-SAT-R3-L21-(06)-01037, de fecha 27 de marzo del año en curso, el Administrador Local Jurídico de Ingresos en Tampico, Tamaulipas, formuló denuncia y querella contra quie resulte responsable por la probable comisión del delito de contrabando.

Case 1:99-mc-00032 Document 2 Filed in TXSD on 09/03/1999 Page 9 of 26






PROCURADURIA GENERAL
DE LA
REPUBLICA

Mediante oficio sin número del 30 de octubre de 1997, los agentes de la Policía Judicial Federal adscritos a la Fiscalía Especializada para la Atención de Delitos Contra la Salud en la ciudad de Tampico, Tamaulipas, informaron a la Representación Social Federal, que al realizar un vuelo de reconocimiento con rumbo al norte de esa ciudad y sobre la costera, se percataron de la presencia de una aeronave Cesna que venía de la línea fronteriza hacia el sur y que al parecer transportaba una gran cantidad de paquetes, los cuales podían observarse a través de las ventanillas de la aeronave.

En virtud de lo anterior, los agentes policiacos a bordo de un helicóptero tipo Bell UH-1H y una avioneta Cessna se dieron a la tarea de seguir a la avioneta en cuestión, misma que posteriormente encontraron abandonada en una brecha de terracería localizada a la altura del rancho "El pichón", a veinte millas de la ciudad de Tampico, Tamaulipas.

Una vez que la misma fue asegurada se verificó que se trata de una avioneta Cesna, modelo 207-A, con matrícula N-73480, confirmándose además que en la misma se transportaba diversa mercancía de procedencia extranjera.

Con fecha 13 de noviembre de 1997, se formuló la clasificación arancelaria, cotización y avalúo, determinándose que los impuestos omitidos por la introducción a territorio nacional de la mercancia encontrada en la aeronave ascienden a la cantidad de $ 85, 565.25 pesos. De igual manera se desprende de las investigaciones preliminares, que el propietario de la aeronave ya citada es el señor **CARLOS LEGORRETA,** quien la arrendó a **DANNY GONZÁLEZ** del 25 de octubre de 1997 al 1° de noviembre del mismo año, presentando para probar su dicho, el contrato de arrendamiento respectivo.

## DELITO QUE SE INVESTIGA

ASUNTOS
NACIONALES

El probable delito cometido por **DANNY GONZÁLEZ o DANNY LEONARDO GONZÁLEZ**, se encuentra previsto y sancionado en los artículos 92, fracción II, 100, 102, 103, fracciones II y IX, y 104, fracción I, del Código Fiscal de la Federación.



ClibPDF - www.fastio.com

Case 1:99-mc-00032 Document 2 Filed in TXSD on 09/03/1999 Page 10 of 26

FORMA CG-1A



"Artículo 92.- Para proceder penalmente por los delitos fiscales previstos en este Capítulo, será necesario que previamente la Secretaría de Hacienda y Crédito Público:

"......."

"II. Declare que el Fisco Federal ha sufrido o pudo sufrir perjuicio en los establecidos en los artículos 102 y 115.

"......."

"Artículo 100.- La acción penal en los delitos fiscales perseguibles por querella de la Secretaría de Hacienda y Crédito Público prescribirá en tres años contados a partir del día en que dicha Secretaría tenga conocimiento del delito y del delincuente, y si no tiene conocimiento, en cinco años que se computarán a partir de la fecha de la comisión del delito. En los demás casos se estará a las reglas del Código Penal aplicable en materia federal."

"Artículo 102.- Comete el delito de contrabando quien introduzca al país o extraiga de él mercancías:

"I.- Omitiendo el pago total o parcial de las contribuciones o cuotas compensatorias que deban cubrirse.

"II.- Sin permiso de autoridad competente, cuando sea necesario este requisito.

"III.- De importación o exportación prohibida.

También comete el delito de contrabando quien interne mercancías extranjeras procedentes de las zonas libres al resto del país en cualquiera de los casos anteriores, así como quien las extraiga de los recintos fiscales o fiscalizados sin que le hayan sido entregados legalmente por las autoridades o por las personas autorizadas para ello.

"......."

"Artículo 103.- Se presume cometido el delito de contrabando, cuando:

"II.- Se encuentren vehículos extranjeros fuera de una zona de veinte kilómetros en cualquier dirección contados en línea recta a partir de los límites extremos de la zona urbana de las poblaciones fronterizas, sin la documentación a que se refiere la fracción anterior.

"......."



"IX.- Una aeronave con mercancías extranjeras aterrize en lugar no autorizado para el tráfico internacional."

Case 1:99-mc-00032 Document 2 Filed in TXSD on 09/03/1999 Page 11 of 26





"Artículo 104.- El delito de contrabando se sancionará con pena de prisión:

"I. De tres meses a seis años, si el monto de las contribuciones o de las cuotas compensatorias omitidas, es de hasta N$ 100, 000.00, respectivamente, o, en su caso, la suma de ambas es de hasta N$ 150, 000.00.

"......."

## NECESIDAD DE AYUDA

Con fundamento en los artículos I, numerales 1 y 4, inciso a), 2, y 7 del Tratado de Cooperación sobre Asistencia Jurídica Mutua Internacional, celebrado entre el gobierno de los Estados Unidos Mexicanos y los Estados Unidos de América; 3º, 11, fracción III, de la Ley Orgánica de la Procuraduría General de la República y 27, fracción II, de su Reglamento, se solicita la asistencia jurídica internacional del Departamento de Justicia de ese País, para que se obtenga la declaración ministerial del señor **DANNY GONZÁLEZ o DANNY LEONARDO GONZÁLEZ,** quien puede ser localizado en 1755 Old Creek, Brownsville, Texas, E.U.A. Para lo cual se anexa el interrogatorio que se ha de formular a **DANNY GONZÁLEZ o DANNY LEONARDO GONZÁLEZ**.

## PROCEDIMIENTO A SEGUIR

Así mismo, solicito a usted, se sirva hacer del conocimiento de la autoridad estadounidense designada para llevar a cabo la diligencia referida, que al momento de recabar la declaración ministerial de **DANNY GONZÁLEZ** o **DANNY LEONARDO GONZÁLEZ**, se le preguntará e informará al deponente lo siguiente:

A. Su nombre, apellidos, alias, edad, lugar de origen, domicilio, estado civil, profesión u ocupación y se le formulará el interrogatorio que se anexa al presente. El declarante contestará de viva voz, pudiendo mostrar cualquier documento que le sea necesario para comprobar sus propias declaraciones.



ClibPDF - www.fastio.com




B. Que su declaración ha sido solicitada por el Primer Agente del Ministerio Público de la Federación del Procedimiento Penal de la Unidad II en Tampico, Tamaulipas, para ser aportada a la averiguación previa T-327/97-II, iniciada por su probable responsabilidad en la comisión del delito de **Contrabando**.

"Artículo 20 Constitucional.- En todo proceso del orden penal, tendrá el inculpado las siguientes garantías:

"I.- Inmediatamente que lo solicite, el juez deberá otorgarle la libertad provisional bajo caución, siempre y cuando no se trate de delitos en que, por su gravedad, la ley expresamente prohiba conceder este beneficio. En caso de delitos no graves, a solicitud del Ministerio Público, el juez podrá negar la libertad provisional, cuando el inculpado haya sido condenado con anterioridad, por algún delito calificado como grave por la ley o, cuando el Ministerio Público aporte elementos al juez para establecer que la libertad del inculpado representa, por su conducta precedente o por las circunstancias y características del delito cometido, un riesgo para el ofendido o para la sociedad.

El monto y la forma de caución que se fije, deberán ser asequibles para el inculpado. En circunstancias que la ley determine, la autoridad judicial podrá modificar el monto de la caución. Para resolver sobre la forma y el monto de la caución, el juez deberá tomar en cuenta la naturaleza, modalidades y circunstancias del delito; las características del inculpado y la posibilidad de cumplimiento de las obligaciones procesales a su cargo; los daños y perjuicios causados al ofendido; así como la sanción pecuniaria que, en su caso, pueda imponerse al inculpado.

La ley determinará los casos graves en los cuales el juez podrá revocar la libertad provisional;

"II.- No podrá ser obligado a declarar. Queda prohibida y será sancionada por la ley penal, toda incomunicación, intimidación o tortura. La confesión rendida ante cualquier autoridad distinta del Ministerio Público o del Juez, o ante estos sin la asistencia de su defensor carecerá de todo valor probatorio;

"III.- Se le hará saber en audiencia pública, y dentro de las cuarenta y ocho horas siguientes a su consignación a la justicia, el nombre de su acusador y la naturaleza y causa de la acusación, a fin de que conozca bien el hecho punible que se le atribuye y pueda contestar el cargo, rindiendo en este acto su declaración preparatoria;



"IV.- Siempre que lo solicite, será careado en presencia del juez con quienes depongan en su contra;



ClibPDF - www.fastio.com

FORMA CG - 1 A



"V.- Se le recibirán los testigos y demás pruebas que ofrezca concediéndosele el tiempo que la ley estime necesario al efecto y auxiliándosele para obtener la comparecencia de las personas cuyo testimonio solicite siempre que se encuentren en el lugar del proceso;

"VI.- Será juzgado en audiencia pública por un juez o jurado de ciudadanos que sepan leer y escribir, vecinos del lugar y partido en que se cometiere el delito, siempre que éste pueda ser castigado con una pena mayor de un año de prisión. En todo caso serán juzgados por un jurado los delitos cometidos por medio de la prensa contra el orden público o la seguridad exterior o interior de la nación.

"VII.- Le serán facilitados todos los datos que solicite para su defensa y que consten en el proceso;

"VIII.- Será juzgado antes de cuatro meses si se tratare de delitos cuya pena máxima no exceda de dos años de prisión; y antes de un año si la pena excediere de ese tiempo, salvo que solicite mayor tiempo para su defensa;

"IX.- Desde el inicio de su proceso sera informado de los derechos que en su favor consigna esta Constitución y tendrá derecho a una defensa adecuada, por sí, por abogado, o por persona de su confianza. Si no quiere o no puede nombrar defensor, despues de haber sido requerido para hacerlo, el juez le designará un defensor de oficio.

También tendrá derecho a que su defensor comparezca en todos los actos del proceso y éste tendrá obligación de hacerlo cuantas veces se le requiera; y

"X.- En ningún caso podrá prolongarse la prisión o detención, por falta de pago de honorarios de defensores o por cualquier otra prestación de dinero, por causa de responsabilidad civil o algún otro motivo análogo.

Tampoco podrá prolongarse la prisión preventiva por más tiempo del que como máximo fije la ley al delito que motivare el proceso.

En toda pena de prisión que imponga una sentencia, se computará el tiempo de la detención.

Las garantías previstas en las fracciones I, V, VII y IX también serán observadas durante la averiguación previa, en los términos y con los requisitos y límites que las leyes establezcan; lo previsto en la fracción II no estará sujeto a condición alguna.

En todo proceso penal, la víctima o el ofendido por algún delito, tendrá derecho a recibir asesoría jurídica, a que se le satisfaga la reparación del daño cuando proceda, a coadyuvar con el Ministerio Público, a que se le preste atención médica de urgencia cuando la requiera y, los demás que señalen las leyes."



FORMA CG-1A



# CÓDIGO FEDERAL DE PROCEDIMIENTOS PENALES

"Artículo 127-Bis. Toda persona que haya de rendir declaración, en los casos de los artículos 124 y 125, tendrá derecho a hacerlo asistido por un abogado nombrado por él.

El abogado podrá impugnar las preguntas que se hagan al declarante si estas son inconducentes o contra derecho. Pero no puede producir o inducir las respuestas de su asistido."

"Artículo 128.- Cuando el inculpado fuere detenido o se presentare voluntariamente ante el Ministerio Público Federal, se procederá de inmediato en la siguiente forma:

"I.- Se hará constar por quien haya realizado la detención o ante quien aquél haya comparecido, el día, hora y lugar de la detención o de la comparecencia, así como, en su caso, el nombre y cargo de quien la haya ordenado. Cuando la detención se hubiese practicado por una autoridad no dependiente del Ministerio Público, se asentará o agregará, en su caso, la información circunstanciada suscrita por quien la haya realizado o haya recibido al detenido;

"II.- Se le hará saber la imputación que existe en su contra y el nombre del denunciante o querellante;

"III.- Se le harán saber los derechos que le otorga la Constitución Política de los Estados Unidos Mexicanos y, particularmente en la averiguación previa, de los siguientes:

a) No declarar si así lo desea, o en caso contrario, a declarar asistido por su defensor;

b) Tener una defensa adecuada por sí, por abogado o por persona de su confianza, o si no quisiere o no pudiere designar defensor, se le designará desde luego un defensor de oficio;

c) Que su defensor comparezca en todos los actos de desahogo de pruebas dentro de la averiguación;

d) Que se le faciliten todos los datos que solicite para su defensa y que consten en la averiguación, para lo cual se permitirá a él y su defensor consultar en la oficina del Ministerio Público y en presencia del personal, el expediente de la averiguación previa;

e) Que se le reciban los testigos y demás pruebas que ofrezca y que se tomarán en cuenta para dictar la resolución que corresponda, concediéndole el tiempo necesario para ello, siempre que no se traduzca en entorpecimiento de la averiguación y las personas cuyos testimonios ofrezca se encuentren en el lugar donde aquella se lleve a cabo. Cuando no sea posible el desahogo de pruebas, ofrecidas por el inculpado o su defensor, el juzgador resolvera sobre la admisión y práctica de las mismas; y



FORMA CG - 1 A



f) Que se le conceda, inmediatamente que lo solicite, su libertad provisional bajo caución, conforme a lo dispuesto por la fracción I del artículo 20 de la Constitución y en los términos del párrafo segundo del artículo 135 de este Código.

Para efectos de los incisos b) y c) se le permitirá al indiciado comunicarse con las personas que él solicite, utilizando el teléfono o cualquier otro medio de comunicación del que se pueda disponer, o personalmente, si ellas se hallaren presentes.

De la información al inculpado sobre los derechos antes mencionados, se dejará constancia en las actuaciones;

"IV.- Cuando el detenido fuere un indígena o extranjero, que no hable o no entienda suficientemente el castellano, se le designará un traductor que le hará saber los derechos a los que se refiere la fracción anterior. Si se tratare de un extranjero la detención se comunicará de inmediato a la representación diplomática o consular que corresponda; y

"V.- En todo caso se mantendrán separados a los hombres y a las mujeres en los lugares de detención o reclusión."

Finalmente, la autoridad estadounidense a quien corresponda desahogar esta petición, deberá levantar un acta circunstanciada de la declaración y una vez concluida la diligencia, deberá ser firmada por ésta y por el propio deponente, ruego a usted que los originales de las constancias que se deriven de la práctica de la misma, se remitan debidamente certificadas y apostilladas a la Agregaduría Regional de esta Institución en San Antonio, Texas, E.U.A., para su posterior envío a esta Dirección General.

Sin otro particular, aprovecho la ocasión para reiterarle la seguridad de mi atenta y distinguida consideración.

**EL DIRECTOR GENERAL**

**LIC. AGUSTÍN M. DE PAVÍA ITURRALDE**

FORMA CG-1A



PROCURADURIA GENERAL DE LA REPUBLICA

**INTERROGATORIO AL TENOR DEL CUAL DEBERÁ SER EXAMINADO EL SEÑOR DANNY GONZÁLEZ o DANNY LEONARDO GONZÁLEZ, QUIEN TENDRÁ QUE ESTAR ACOMPAÑADO DE ABOGADO O PERSONA DE SU CONFIANZA.**

**1.- Que diga si conoce al señor CARLOS LEGORRETA.**

**2.- Que diga si sabe o le consta que el señor Carlos Legorreta, es propietario de la avioneta tipo Cessna, modelo 207-A, con número de serie 20700-596, matrícula N73480. color blanca con franjas en colores vino y grises.**

**3.- Que diga si celebró contrato de arrendamiento con el señor Carlos Legorreta, respecto de la avioneta antes citada en fecha del quince al veintidós de septiembre del año de mil novescientos noventa y siete, así como otro contrato de arrendamiento respecto de la misma avioneta en comento del día veinticinco de octubre al primero de noviembre del mismo año.**

**4.- Que diga en caso de resultar afirmativas las respuestas anteriores, para qué efectos arrendó la avioneta que nos ocupa, en su caso, que diga si el piloteaba la nave en comento el día treinta de octubre del año próximo pasado, y en su caso de no ser así, que diga el nombre y domicilio del piloto que la conducía en la fecha en comento.**

**5.- Que diga que tipo de mercancía se transportó en la multicitada avioneta en la fecha de referencia y si se cubrió el pago de los impuestos correspondientes a dicha mercancía.**

**Cabe mencionar que las preguntas que anteceden tienen carácter enunciativo, mas no limitativo por lo que la autoridad estadounidense designada para desahogar la diligencia, podrá realizar todas las preguntas adicionales que estime pertinentes a fin de esclarecer los hechos que se investigan.**



ClibPDF - www.fastio.com



IRADURIA GENERAL
LA REPUBLICA
GENERAL DE ASUNTOS
S INTERNACIONALES

**OFFICE OF THE ASSISTANT ATTORNEY GENERAL FOR LEGAL AND INTERNATIONAL AFFAIRS.**
**GENERAL DIVISION OF INTERNATIONAL LEGAL AFFAIRS.**
**DIVISION OF INTERNATIONAL LEGAL ASSISTANCE.**
**FILE No. AJM/081/98.**
**OFFICIAL LETTER No. DGALI/315/99.**

Mexico, F. D., January 20, 1999.

**JOHN E. HARRIS**
**DIRECTOR OF INTERNATIONAL AFFAIRS OF THE DEPARTMENT OF JUSTICE FOR THE UNITED STATES OF AMERICA.**
**WASHINGTON, D. C.**

I inform you that this General Division of International Legal Affairs requests the legal assistance of the Justice Department of the United States of America, regarding a supporting request formulated by the First Agent of the Public Prosecutor for the Federation of Criminal Procedure of Unit II in Tampico, Tamaulipas. The purpose of said request is to take the ministerial statement of **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ**, whose domicile is 1755 Old Creed, Brownsville, Tecas, United States of America.

The assistance requested is of great importance so as the records derived from the same, be attached to the preliminary investigation T-327/97-II, brought against the same person aforementioned for his alleged responsible in the commission of the crime of Smuggling.

The backgrounds that give rise to this request, were provided by the Federal Social Representation, and are the ones described as follows:

**F A C T S**

By means of official letter number 325-SAT-R3-L21-(O6)-01037, dated March 27, of the current year, the Local Income Legal Administrator in Tampico, Tamaulipas, formulated a complaint and an aggravience against who may be liable for the alleged commission of the crime of smuggling.

By means of official letter without number, dated October 30, 1997, the agents of the Federal Judicial Police assigned to the Office of the Specialized Prosecutor for the Attention of Drug Offenses in the city of Tampico, Tamaulipas, informed to the Federal social Representation, that when they carried out an inspection flight direction to the North of this

ClibPDF - www.fastio.com



ADURIA GENERAL
A REPUBLICA
ENERAL DE ASU
INTERNACIONALES

city and over the beach, they noticed the presence of an Cesna aircraft coming from the border direction to the South and seemingly said aircraft transported a great amount of packages, which could be observed through the aircraft's windows.

Because of the above, the police agents aboard of an Bell UH-1H helicopter and a Cessna aircraft devoted themselves to the task of following the aircraft in question, same that subsequently they found abandoned in a dust way located at the level of "El pichón" ranch, twenty miles from Tampico city, Tamaulipas.

Once the same aircraft was seized, it was verified that it was a Cessna aircraft, model 207-A, with registration number N-73480, being additionally confirmed that several merchandise of foreign origin was transported in the same aircraft.

On November 13, 1997, the customs classification, quotation and appraisal was formulated, being determined that the taxes ommitted by the introduction to national territory of the merchandise founded in the aircraft was up to the amount of $ 85,565.25 pesos. Likewise, it is concluded from the preliminary investigations that the owner of the aforementioned aircraft is **CARLOS LEGORRETA**, who rented it to **DANNY GONZALEZ** from October 25 to November 1st of the same year, presenting so as to prove his statement, the respective contract for rent.

## CRIMES BEING INVESTIGATED

The alleged crime committed by **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ** is provided for and penalized by articles 92 section II, 100, 102, 103 sections II and IX, and 104 section I of the Fiscal Code for the Federation.

"Article 92. In order to criminally proceed against the fiscal crimes foreseen in this Chapter, it shall be necessary for the Ministry of Finance and Public Credit previously to carry out the following:

"........."

"II. To declare that the Federal Treasury has suffered or may have suffered a loss in accordance with Articles 102 and 115.

ClibPDF - www.fastio.com

"........."

"Article 100. Criminal action for fiscal crimes that may be prosecuted through grievance by the Ministry of Finance and Public Credit, shall prescribe in three years counted from the day in which said Ministry had knowledge of the crime and the perpetrator, and in five years counted from the date of the commission of the crime, otherwise. In other cases, the regulations of the Criminal Code in federal matters shall apply."

"Article 102.- The crime of smuggling is committed by whomever brings into or takes out of the country merchandise:

"I. Fails to totally or partially pay the applicable contributions or countervailing duties;

"II. Without the permit of the corresponding authority, whenever this requirement is necessary.

"III. Merchandise which import or export is prohibited.

The crime of smuggling is also committed by whomever introduces foreign merchandises coming from duty free zones to the rest of the country in any of the preceding cases, and by whomever takes merchandise out of fiscal or censured enclosures without being legally delivered by the authorities or by the persons authorized for such purpose.

"........."

"Article 103.- The crime of smuggling is presumably committed when:

"II.- Foreign vehicles are discovered within an area of twenty kilometers to any direction, counted in straight line from the extreme limits of the urban zone of bordering cities, without the documentation referred in the preceding section.

"........."

"IX.- When an aircraft containing foreign merchandise lands on a non-authorized place for international traffic.

"Article 104.- The crime of smuggling shall be penalized by imprisonment:

ClibPDF - www.fastio.com



ADURIA GENERAL
A REPUBLICA
ENERAL DE ASU
INTERNACIONALES

"I. Ranging from three months to six years, if the amount of the taxes or the countervailing duties omitted exceed the amount of N$100,000.00, respectively; or if both amounts exceeds N$150,000.00.

"........."

## NEED OF ASSISTANCE

Based in articles 1, first and fourth paragraphs, clause a), 2, and 7, of the Treaty on Cooperation signed by the United Mexican States and the United States of America on Mutual Legal Assistance; 3°, 11 section III of the Organic Law of the Office of the Attorney General for the Republic, and 27 sections II of its Internal Regulations, the assistance of the Department of Justice of that country is requested, so as to obtain the ministerial statement render by **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ**, who may be located in 1755 Old Creek, Brownsville, Texas, United States of America. For such purpose, the interrogatory that shall be formulated to **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ** is attached herein.

## PROCEDURE TO BE FOLLOWED

Likewise, I request you to inform the U. S. Attorney appointed to fulfill the referred proceedings, that at the moment of obtaining the ministerial statement render by **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ,** he shall inform and ask the person making the statement the following:

A. His name, last names, alias, age, place of birth, domicile, civil status, profession or occupation, and there shall be posed the interrogatory hereinafter. The person making the statement shall answer *viva voce*, and he will be allowed to present any document that may be necessary to prove his statement.

B. That his statement has been requested by the First Public Prosecutor for the Federation of Criminal Procedure of Unit II in Tampico, Tamaulipas, soas to be provided to the preliminary investigation T-327/97-II, initiated for his alleged responsibility in the commission of the crime of **Smuggling.**

"Article 20.- In all criminal proceedings, the accused shall have the following rights:

I.- Immediately when requested, the judge shall grant provisional liberty on bond to the

ClibPDF - www.fastio.com



URI GENERAL
REPUBLICA
IERAL ASU
TERNACIONALES

"I. Ranging from three months to six years, if the amount of the taxes or the countervailing duties omitted exceed the amount of N$100,000.00, respectively; or if both amounts exceeds N$150,000.00.

"........."

## NEED OF ASSISTANCE

Based in articles 1, first and fourth paragraphs, clause a), 2, and 7, of the Treaty on Cooperation signed by the United Mexican States and the United States of America on Mutual Legal Assistance; 3°, 11 section III of the Organic Law of the Office of the Attorney General for the Republic, and 27 sections II of its Internal Regulations, the assistance of the Department of Justice of that country is requested, so as to obtain the ministerial statement render by **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ**, who may be located in 1755 Old Creek, Brownsville, Texas, United States of America. For such purpose, the interrogatory that shall be formulated to **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ** is attached herein.

## PROCEDURE TO BE FOLLOWED

Likewise, I request you to inform the U. S. Attorney appointed to fulfill the referred proceedings, that at the moment of obtaining the ministerial statement render by **DANNY GONZALEZ or DANNY LEONARDO GONZALEZ,** he shall inform and ask the person making the statement the following:

A. His name, last names, alias, age, place of birth, domicile, civil status, profession or occupation, and there shall be posed the interrogatory hereinafter. The person making the statement shall answer *viva voce*, and he will be allowed to present any document that may be necessary to prove his statement.

B. That his statement has been requested by the First Public Prosecutor for the Federation of Criminal Procedure of Unit II in Tampico, Tamaulipas, soas to be provided to the preliminary investigation T-327/97-II, initiated for his alleged responsibility in the commission of the crime of **Smuggling.**

"Article 20.- In all criminal proceedings, the accused shall have the following rights:



I.- Immediately when requested, the judge shall grant provisional liberty on bond to the accused, provided that the crime is not defined as serious, so that the law expressly prohibits the granting of this benefit. In case of non-serious crimes, and upon request of the Public Prosecutor, the Judge can deny provisional liberty when the accused has been previously sentenced due to a crime defined by law as serious, or when the Public Prosecutor offers evidence to the Judge that establishes that the release of the accused represents, due to his prior conduct or to the circumstances surrounding the crime committed, a risk either to the victim or to society.

" ............... "

II.- The accused shall not be obligated to make a statement. It is prohibited and will be penalized by law, whenever the accused in uncommunicated, intimidated or tortured. The confession rendered before any authority other than the Public Prosecutor or the Judge, or before the latter without the assistance of counsel; shall not have evidentiary weight.

" ............... "

V.- Witnesses and other evidence offered by the accused shall be admitted, and he shall be granted the term foreseen by law as necessary for this purpose; he shall be assisted in obtaining the appearance of the persons whose testimony he requests, as long as they may be located within the jurisdiction where the proceeding is being brought;

" ............... "

VII.- The accused shall be provided with all the information requested for his defense and that appears within the record of the proceeding;

" ............... "

IX.- Since the beginning of the proceeding, the person accused shall be informed of his Constitutional rights, and he shall have the right to an adequate defense either *pro se*, by means of counsel or by a person of his trust. In case he does not wish, or is unable, to appoint counsel for his defense after having being requested to do so, the judge shall appoint a public defender. He shall also have the right that the defense counsel appear in all the proceedings carried out within the process; the latter shall be obligated to do so whenever it is requested, and

ClibPDF - www.fastio.com




DURIA GENERAL
REPUBLICA
IERAL ... ASU ...
TERNACIONALES

" ............... "

The rights foreseen by section I, V, VII and IX shall also be observed during the course of the preliminary investigation, on the terms, with the requirements and within the limits that the laws establish; the provisions of section II shall not be subjected to any condition.

" ............... "

## Federal Code of Criminal Procedure

"Article 127 bis.- Whomever has rendered testimony, provided that said testimony is set forth by articles 124 and 125, he shall have the right to do it assisted by a defense counsel previously appointed by him."

"Article 128.- Whenever the accused is detained or voluntarily appears before the Agent of the Federal Public Prosecutor, immediately thereafter the following proceedings shall be carried out:

I.- Whomever carried out the detention or whomever before said person has appeared must attest to the day, hour and place of the detention or the appearance, as well as attesting to the name and position of the person who ordered either the detention or appearance. When the detention has been carried out by an authority that is not under the Public prosecutor, there shall be recorded or there shall be attached, in the respective case, the circumstantial information signed by whomever is responsible for the detention or received the detainee;

II.- The accused shall be informed of the criminal charges against him and of the name of the person who filed the complaint;

III.- The accused shall be informed of the rights granted by the Political Constitution of the United Mexican States, specifically during the preliminary investigation, that are as follows:

a).- That he need not render a statement unless it is his will, to contrary, he shall render his statement assisted by his defense counsel;

CibPDF - www.fastio.com



b).- That he shall have an appropriate defense either *pro se*, by means of counsel or by a person of his trust, or if he does not wish or is unable to appoint defense counsel, the Judge shall appoint a public defender for him;

c).- That his defense counsel shall appear in all proceedings for the offering of evidence that are carried out within the investigation;

d).- That he shall be provided with all the information requested for his defense and that appears within the record of the proceeding; to this end, he or his defense counsel shall be permitted to review in the Office of the Public Prosecutor, in the presence of office personnel, the preliminary investigation file;

e).- That the witnesses and other evidence offered by the accused shall be admitted, and these shall be taken into consideration upon the issuance of the corresponding decision, and he shall be granted the term foreseen by law as necessary for this purpose, provided that the preceding does not constitute a hindrance to the investigation, and that the persons whose testimony he offers are located within the jurisdiction where the proceeding is being brought. Whenever the accused or his defense counsel are unable to offer evidence, the trier of fact shall decide with respect to the offer and admittance of the same;

f).- That the accused shall be granted as soon as requested, his release on bond, in accordance to the provisions set forth by section I of article 20 of the Constitution and in accordance to the terms of the second paragraph of article 135 of this Code.

For the effects of small letters b) and c), the defendant shall be permitted to establish communication with whomever he may request, using the telephone or any other means of communication that may be available, or in person, if said persons are present.

There shall be recorded in the proceedings that the person accused has been informed of the abovementioned rights.

"IV.- When the detainee is a native or foreign person who do not speak or understand Spanish, a translator shall be appointed in order to inform him the rights referred to in the preceding section. If the person is a foreign, the arrest shall be immediately informed to the corresponding diplomatic or consular representation; and

"V.- In every case, men shall be kept separated from women in detention areas ".

ClibPDF - www.fastio.com

Finally, the Prosecutor to who it corresponds to carry out this petition, shall draw up a notarized record of the statement, and once the proceeding is concluded, it shall be signed by him and by the same person making the statement. I request you that originals of the records originated from the practice of the same, be sent duly certified and bearing an apostillé to the Office of the Regional Attaché of this Institution in San Antonio, Texas, United States of America, for its subsequent submission to this General Division.

Having nothing further to add, I wish to avail myself of this opportunity to renew to you the assurances of my highest and distinguished consideration.

**THE GENERAL DIRECTOR**
(signed)

**AGUSTIN M. DE PAVIA ITURRALDE**




ClibPDF - www.fastio.com

**INTERROGATORY BY MEANS OF WHICH DANNY GONZALEZ or DANNY LEONARDO GONZALEZ SHALL BE EXAMINED. HE SHALL BE ACCOMPANIED BY A LAWYER OR A PERSON OF HIS CONFIDENCE**

1. Let the witness to state if he met CARLOS LEGORRETA.

2. Let the witness to state if he knew or if he attested that Carlos Legorreta is owner of the Cessna aircraft, model 207-A, with serial number 20700-596, registration number N73480, white-colored with wine and grey stripes.

3. Let the witness to state if he celebrate a rent contract with Carlos Legorreta, regarding the aformentioned aircraft, dated September fifteen to September twenty-second, nineteen ninety-seven, as well as another rent contract related to the same aircraft in question, dated October twenty-fifth to November first of the same year.

4. In case that the preceding answers are affirmative, let the witness to state for which purposes he rented the aircraft in question; in its case, let the witness to state if he piloted the aircraft in question on October thirtieth of the latter year, and if his answer is negative, let the witness to state the name and domicile of the person who piloted the aircraft during the date in question.

5. Let the witness to state which kind of merchandise he transported in the aforementioned aircraft in the referred date, and if the taxes payment corresponding to said merchandise was covered.

It has to be mentioned that the preceding question has an enunciative nature, but not limitted. Therefore, the United States authority assigned to perform the proceeding,may ask all the additional questions that he considers as pertinent so as to make clear the fact being investigated.

